IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |
|---|---|
| KENDALL TEPFER, <br>     PLAINTIFF, |  |
| v. | Case No. 4:13-cv-00457 |
| GALAXY CAPITAL SOLUTIONS INC., <br>     DEFENDANT |  |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, et seq.

### VENUE

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. The Plaintiff resides in this Judicial District.

## **PARTIES**

6. The Plaintiff, Kendall Tepfer ("Plaintiff"), is an adult individual residing in Cooke County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Defendant Galaxy Capital Solutions Inc. ("Defendant") is a business entity operating from Cuyahoga Falls, Ohio.

8. The Defendant can be served via its registered agent, Business Filings Incorporated, at 4400 Easton Commons Way, Suite 125, Columbus, Ohio.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

10. The principal purpose of the Defendant is the collection of debts using the mails and telephone and other means.

11. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

12. Defendant is not bonded in the State of Texas to collect debts from Texas consumers as required by Tex. Fin. Code § 392.101.

## **FACTUAL ALLEGATIONS**

13. At some time in the past, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").

14. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

15. The Account allegedly went into default with the original creditor.

16. After the Account allegedly went into default, the Account was placed with or otherwise transferred to the Defendant for collection.

17. The Plaintiff disputes the Account.

18. The Plaintiff requests that the Defendant cease all further communication on the Account.

19. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

20. The Defendant acted at all times mentioned herein through its employee(s).

21. During the one year prior to the filing of this complaint, Defendant called Plaintiff on multiple occasions and left multiple voicemail messages for Plaintiff.

22. One of the voicemails left by an individual going by the name "Daniel Freeman" stated:

This message is for Kendall Tepfer.  Hi, Kendall, this is Daniel Freeman, calling from the office of Galaxy Capital Solutions.  I'm calling you today, Kendall, in regards to your pending case that's been placed in my office, case number CX37-4300.  Kendall, (inaudible) I do need to speak with yourself or your representing attorney.  I wanted to try to get some feedback or input before this matter is finalized in my office and

sent out for further action.  Please return my call today to 877-314-4678 extension 711.

23. One of the voicemails left by an individual going by the name "Ms. Jackson" stated:

Mr. Kendall Tepfer, my name is Ms. Jackson and I am calling on behalf of Galaxy Capital in regards to a case that is sent to me and I'm showing due to your now (inaudible) client.  Unfortunately at this point I'm looking to obtain your statement so I can put my final recommendation on your case and get it sent out for further legal review.   You were already given the opportunity to settle this, but you did refuse to put any voluntary restitution on this file, therefore it's time for us to move forward.  Mr. Tepfer, please contact my office back with your attorney's information and your statement.  My office number is 877-314-4678 extension 706.

24. As of the filing of this complaint, the Plaintiff has not been sued on the account which the defendant was attempting to collect.

25. The Defendant's purpose for calling the Plaintiff was to attempt to collect the Account.

26. The telephone calls constituted a "communication" as defined by FDCPA § 1692a(2).

27. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

28. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

29. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant left message(s) for the Plaintiff was to attempt to collect the Account.

30. During one or more communications with the Plaintiff in the year prior to the filing of this complaint, while attempting to collect the Account, the Defendant did not provide the language required by 15 U.S.C § 1692e(11) and Tex. Fin. Code § 392.304(5)(B).

31. During one or more communications with the Plaintiff in the year prior to the filing of this complaint, while attempting to collect the Account, the Defendant did not disclose clearly the name of the person to whom the debt has been assigned or is owed when making a demand for money as required by Tex. Fin. Code § 392.304(4).

32. The statements and actions of the Defendant and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violate 15 U.S.C. § 1692e(2)&(5)&(10)&(11) and Tex. Fin. Code §392.301(8) and § 392.304(4)&(5)(B)&(8)&(14)&(19).

33. All of the conduct by the Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

34. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

**RESPONDEAT SUPERIOR**

35. The representative(s) and/or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

36. The representative(s) and/or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

37. The representative(s) and/or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

38. The representative(s) and/or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

39. The representative(s) and/or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

40. The representative(s) and/or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

41. The actions of the representative(s) and/or collector(s) at the Defendant are imputed to their employer, the Defendant.

42. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

43. The previous paragraphs are incorporated into this Count as if set forth in full.

44. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(5)&(10)&(11).

45. Pursuant to 15 U.S.C. § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE

46. The previous paragraphs are incorporated into this Count as if set forth in full.

47. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.101 and § 392.301(8) and § 392.304(4)&(5)(B)&(8)& (14)&(19).

48. Pursuant to Tex. Fin. Code § 392.403, the Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT III – INVASION OF PRIVACY (INTRUSION ON SECLUSION)

49. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to the Plaintiff for invading the Plaintiff's privacy (intrusion on seclusion).  Defendant intentionally intruded on the Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

50. The Plaintiff suffered actual damages as a result of Defendant's intrusion.

### JURY TRIAL DEMAND

51. The Plaintiff is entitled to and hereby demands a trial by jury.

### DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court grant the following:

52. Judgment in favor of the Plaintiff and against the Defendant.

53. Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

54. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

55. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

56. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403.

57. Such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        /s/ Jeff Wood
_____
Jeff Wood, Esq.
ArkBN: 2006164
103 N. Goliad, Suite 204
Rockwall, TX  75087
TEL:  615-628-7128
FAX:  615-807-3344
EMAIL:  jeff@mmlaw.pro

*Attorney for Plaintiff*

Of Counsel to:
McClendon & Milligan
PO Box 828
Franklin, TN  37065-0828

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kendall Tepfer

### DEFENDANTS
Galaxy Capital Solutions Inc.

**(b)** County of Residence of First Listed Plaintiff: Cooke County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Ohio
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeff Wood
103 N. Goliad, Suite 204
Rockwall, TX 75087   (615) 628-7128

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 U.S.C. sec. 1692

Brief description of cause:
defendant committed violations of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 25,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 8/12/13

SIGNATURE OF ATTORNEY OF RECORD: /s/ Wood

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____